UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION


IN RE:

KENNETH R. NEAL
MARION K. NEAL

DEBTORS                                                    CASE NO. 05-54183


ANNA C. JOHNSON, TRUSTEE                                   PLAINTIFF


VS.                                                        ADV. NO. 06-5031


WELLS FARGO BANK, N.A.                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

An issue has come before the court for resolution in this matter involving the application of legislation recently passed by the Kentucky General Assembly. The Trustee filed her Complaint in this matter contending that the Defendant's mortgage was defective because the notary public allegedly was not present to attest to the Debtors' signatures on the mortgage at the closing as represented by the acknowledgment following the debtors' signatures. The matter is set for trial on May 25, 2006. The Defendant filed a Motion for Leave to File a Motion to Dismiss and to Continue Trial on May 5, 2006, based on the fact that in April, 2006 the General Assembly passed legislation (SB 45) amending KRS 382.270. At the hearing on that motion, the court set a separate hearing for argument on the effect of the amendment. The Defendant then filed its Motion to Dismiss, and the Trustee filed a Supplemental Trial Brief to address the issue.

1

The hearing took place on May 19, 2006, at which time the court determined, for the reasons set out below, that the amendment is not applicable in this matter.

> SB 45 amends KRS 382.270 to read in pertinent part as follows:
>
> [I]f a deed or deed of trust or mortgage conveying a legal
> or equitable title to real property is not . . .
> acknowledged or proved according to law, but is or has been,
> prior to the effective date of this Act, otherwise lodged
> for record, such deed or deed of trust or mortgage conveying
> a legal or equitable title to real property or creating a
> mortgage lien on real property shall be deemed to be validly
> lodged for record for purposes of KRS Chapter 382, and all
> interested parties shall be on constructive notice of the
> contents thereof.

The Defendant argues that the language of this provision has retroactive effect now, and that the Plaintiff's Complaint must therefore be dismissed. The Plaintiff responds that SB 45 is not presently in effect and does not prevent her from avoiding the Defendant's mortgage. She bases her contention on Section 55 of the Kentucky Constitution.

Section 55 provides that, except in cases of emergency, "[n]o act, except general appropriation bills, shall become a law until ninety days after the adjournment of the session at which it was passed . . ." The last day of the 2006 legislative session was April 12, 2006. The Plaintiff argues that based on the language of Section 55, SB 45 is not law until July 11, 2006, and since this matter is set for trial on May 25, 2006, the court must base its decision on the law in effect on that date. The law currently requires a mortgage to be properly acknowledged and recorded for it to provide notice. The court agrees with the Plaintiff's position on the impact of Section 55; there is no law currently in effect in Kentucky which relieves the

2

Defendant's mortgage of these requirements.  SB 45 has no effect, retroactive or otherwise, on the question of whether a mortgage is validly acknowledged and recorded until it becomes law on or about July 11, 2006.

The court therefore believes that the Defendant's Motion to Dismiss should be, and it hereby is, overruled.  This matter remains on the court's trial docket for May 25, 2006.

Copies to:

J.D. Kermode, Esq.

Todd S. Page, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Tuesday, May 23, 2006
(wsh)**